IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARRIE MANNING,** | : | **No. 3:11cv1134** |
| Plaintiff | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **SANOFI-AVENTIS, U.S. INC.** | : | |
| Defendant | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the Court is Defendant Sanofi-Aventis, U.S. Inc.'s motion to dismiss Plaintiff Carrie Manning's complaint. (Doc. 5). The issues are fully briefed and the matter is ripe for disposition.

**Background**

Defendant Sanofi-Aventis, U.S. Inc., (hereinafter "defendant") employed Plaintiff Carrie Manning (hereinafter "plaintiff") from October 1995 to June 18, 2010. (Doc. 1, Compl. (hereinafter "Compl.") ¶ 1). Defendant terminated plaintiff's employment without notice and initially without cause on June 18, 2010. (Compl. ¶¶ 2-3; Doc. 1-2, Ex. A, Notice of Termination). At the time of her termination, plaintiff was employed as an executive pharmaceutical sales representative, her base salary was $108,000, and defendant regularly awarded plaintiff annual bonuses of approximately $20,000, for a total annual compensation of approximately $130,000. (Compl. ¶¶ 11, 13). During her fifteen-year career with defendant, plaintiff received positive performance evaluations and multiple promotions, awards and bonuses. (Id. ¶ 12).

In August 2009, defendant received an anonymous complaint that plaintiff had falsified sales calls. (Id. ¶¶ 19-21). Defendant investigated this accusation and found it to be without merit. (Id. ¶ 20). Defendant, however, reinvestigated the accusation in March of 2010. (Id. ¶ 23). Defendant informed plaintiff that the incident was being reinvestigated because the original anonymous complainant was dissatisfied with defendant's first determination that no misconduct had occurred. (Id. ¶ 24). Defendant had two meetings at the Marriott Hotel in Moosic, Pennsylvania with plaintiff, one of which was recorded, to question her about the alleged falsified sales calls. (Id. ¶¶ 25-28). On June 17, 2010, plaintiff sent defendant a written request to review her personnel file. (Id. ¶ 29; Doc. 1-2, Ex. F, Letter dated June 17, 2012). On June 18, 2010, defendant terminated plaintiff by letter. (Compl. ¶ 10; Ex. A, Notice of Termination). Plaintiff asserts that defendant later filled her position with an individual with substantially less experience and at a much lower salary. (Compl. ¶ 15 n.1).

On July 7, 2010, plaintiff made a demand for benefits under defendant's Employee Retirement Income Security Act ("ERISA") Separation Plan (hereinafter "Plan"). (Id. ¶ 16; Doc. 1-2, Ex. B, Letter dated July 7, 2010). Defendant replied on July 13, 2010, and asked that plaintiff outline in more detail why she believed she was entitled to the Plan's benefits. (Compl. ¶ 16; Doc. 1-2, Ex. D, Letter dated July 13, 2010). Plaintiff made a more complete demand for benefits in a letter dated July

15, 2010. (Compl. ¶ 16; Doc. 1-2, Ex. C, Letter dated July 15, 2010). On August 5, 2010, plaintiff and her counsel reviewed plaintiff's personnel file at defendant's office in Bridgewater, NJ and found that it made no reference to any alleged misconduct by plaintiff. (Compl. ¶ 30).

Under the Plan, employees terminated for specific reasons defined within the Plan are entitled to certain benefits, including three weeks of base pay per year of service with the company. (Id. ¶ 47; Doc. 1-2, Ex. I, Sanofi-Adventis U.S. Affiliate's Separation Plan (hereinafter "Ex. I, Plan"), at 7). Defendant employed plaintiff for 15 years, so if she qualifies for benefits under the Plan, she is entitled to the value of 45 weeks base pay, or $93,461.54. (Compl. ¶ 48).

On October 4, 2010, defendant denied plaintiff's demand for benefits, informing her that the circumstances of her termination are not included in the Plan's "Definition of Termination." (Id. ¶ 17; Doc. 1-2. Ex. E, Letter dated Oct. 4, 2010). Additionally, defendant stated for the first time in the October 4 letter that plaintiff was terminated for "misconduct," which is explicitly excluded from the Plan's Definition of Termination. (Compl. ¶ 18; Doc. 1-2, Ex. E, Letter dated Oct. 4, 2010). On November 17, 2010, plaintiff appealed defendant's initial denial of her benefits to the Plan Administrator.[1] (Compl. ¶ 32; Doc. 1-2, Ex. G, Letter dated Nov. 17, 2010).

---

[1] The Plan Administrator is defined by the Plan as the "committee appointed by the participating Employers' Boards of Directors." (Doc. 1-2, Ex. I, Plan, page 6). The Plan Administrator is made up of defendant's Vice President of Compensation, Benefits and Payroll and Sanofi Pasteur's

On January 20, 2011, the Plan Administrator denied plaintiff's appeal. (Compl. ¶ 33; Doc. 1-2, Ex. H, Letter dated Jan. 20, 2011).

On June 14, 2011, plaintiff filed her complaint.  In her two-count complaint, plaintiff alleges violations of §§ 502(a)(1)(B) and 510 of ERISA, encoded at 29 U.S.C. § 1132(a)(1)(B) (hereinafter "§ 502(a)(1)(B)") and 29 U.S.C. § 1140 (hereinafter "§ 510").  Defendant responded to plaintiff's complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 5), bringing this case to its current posture.

**Jurisdiction**

This court has federal question jurisdiction over complaints brought under §§ 502 and 510 of ERISA.  See 28 USC § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

This case is before the court pursuant to defendant's motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  When a Rule 12(b)(6) motion is filed, the court tests the sufficiency of the allegations in the complaint.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Put another way, granting the

---

Senior Director of Compensation, Benefits and HRIM.  (Id.)

motion to dismiss is appropriate if plaintiff has not "nudged [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the

complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Plaintiff claims defendant violated § 502(a)(1)(B) and § 510 when it terminated her and denied her benefits under the Plan.  Defendant contends that Count I must be dismissed because plaintiff cannot show, as a matter of law, that the Plan Administrator's denial of benefits was an abuse of discretion.  Defendant also moves to dismiss plaintiff's § 510 claim for being duplicative of her first claim and because plaintiff failed to state a claim under § 510.  For the following reasons, the court will deny defendant's motion to dismiss in its entirety.

**Section 502(a)(1)(B)**

In Count I of her complaint, plaintiff claims that defendant violated § 502(a)(1)(B) by denying her the Plan's benefits.  Under § 502(a)(1)(B), a participant in an ERISA plan may bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  To state a claim under § 502(a)(1)(B), plaintiff must allege that she was eligible for benefits under the Plan, that defendant wrongfully denied her benefits and that in doing so, defendant violated § 502(a)(1)(B).  Erbe v. Billeter, No. 06-113, 2007

6

WL 2905890, at *6 (W.D. Pa. Sep. 28, 2007).  Plaintiff has met the minimum pleading requirements to present a prima facie claim under § 502(a)(1)(B).

Plaintiff claims that her termination qualifies her to receive benefits under the Plan.  She contends that defendant terminated her as part of a reduction in force, an event which is explicitly included in the Plan's definition of a "Termination of Employment."  (Compl. ¶¶ 35, 44; Doc. 1-2, Ex. H, Letter dated Jan. 20, 2011).  Before plaintiff was terminated, defendant experienced financial difficulties stemming from a poor economy and a number of its patented drugs becoming generic.  (Compl. ¶ 36).  Plaintiff avers that shortly after she was terminated, defendant laid off numerous employees and filled plaintiff's former position with an individual with less experience at a much lower salary as a cost-cutting reduction in force.  (Id. ¶¶ 38, 15 n.1).  She concludes that her termination was part of a reduction in force, that defendant's real reason for terminating her was to reduce the amount of benefits it had to pay and that defendant's denial of her benefits is a violation of § 502(a)(1)(B).  (Id. ¶¶ 35, 55).

Defendant contends that the plaintiff cannot state a § 502 claim because the court must defer to the final and binding decision of the Plan Administrator, who determined that she does not qualify for the Plan's benefits.  See Abnathya v. Hoffmann-LaRoche, Inc., 2 F.3d 40, 45 (3d Cir. 1993).  The Plan Administrator found that not only did plaintiff's termination not fit the definition of a "Termination of Employment," but her termination

7

was based on "misconduct," which explicitly and automatically disqualifies her from any benefits. (Doc. 6, Mem. in Supp. Mot. to Dismiss, at 4). Defendant argues that when an ERISA plan grants unambiguous discretionary authority to the plan administrator, courts must apply a deferential standard of review in determining if the administrator's decision was arbitrary or capricious. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The Plan clearly gives the Plan Administrator the authority to make decisions regarding employee eligibility under the Plan. (Ex. I, Plan, at 7). Therefore, defendant concludes the Plan Administrator's decision may only be overturned if there is "substantial evidence" that it is incorrect or "erroneous as a matter of law." Abnathya, 2 F.3d at 45.

      Contrary to defendant's assertions, the court finds that it owes no deference to a plan administrator at the motion to dismiss stage, regardless of the level of deference provided as the litigation progresses. The cases defendant relies upon are opinions following motions for summary judgment, motions for entry of judgment or bench trials. See Firestone, 489 U.S. at 115 (applying deferential standard of review in motion for summary judgment); Abnathya, 2 F.3d at 41 (same); Metro. Life Ins. v. Glenn, 554 U.S. 105, 117 (2008) (affirming application of deferential standard in motion for entry of judgment); Conkright v. Frommert, 130 S. Ct. 1640, 1646 (2010) (finding that when a plan explicitly grants discretionary authority to the administrator to interpret the plan, the court must apply an arbitrary and capricious standard of review in motion for

summary judgment); Courson v. Bert Bell BFL Player Retirement Plan, 214 F.3d 136, 142 (3d Cir. 2000) (same); Orvosh v. Program of Group Ins. for Salaried Emps. of Volkswagen of Am., Inc., 222 F.3d 123, 131 (3d Cir. 2000) (same); Hlinka v. Bethlehem Steel Corp., 863 F.2d 279, 286 (3d Cir. 1989) (same); Illingworth v. Nestle, U.S.A., Inc, 926 F. Supp. 482, 492 (D.N.J. 1996) (same); Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009) (affirming application of arbitrary and capricious standard of review at bench trial).

So long as plaintiff "pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged," the Court must accept as true all factual allegations made in the complaint, including allegations of an improper decision made by a plan administrator. Iqbal, 556 U.S. at 678; see also Stockport Mountain Corp., LLC v. Norcross Wildlife Foundation, Inc., No. 11-514, 2012 WL 719345, at *8 (M.D. Pa. Mar. 1, 2012) ("Although defendant disagrees with the above-referenced alleged facts . . . the court must accept them as true at this stage in the proceedings."). Defendant bears the burden of proof as to the Plan Administrator's entitlement to the deferential standard of review. Connell v. Guardian Life Ins. Co of America Severance Plan, No. 02-7522, 2003 WL 21459563, at *2 (S.D.N.Y. June 24, 2003) ("[W]hat standard of review to apply will be determined after discovery."). Ruling on the reasonableness of the Plan Administrator's decision, regardless of the standard of review the court may utilize at a later date, would be

"premature . . . at this stage of this proceeding." Harrison v. Metro. Life Ins. Co., 417 F. Supp. 2d 424, 437 (S.D.N.Y. 2006).

Plaintiff has adequately pled the existence of an ERISA Plan, that she was a beneficiary under the Plan, that defendant had pretextual reasons for denying her benefits and that this denial violated ERISA. After discovery, plaintiff may be able to offer "substantial evidence in support of [her] allegation . . . that the Plan administrator's decision was without reason or otherwise unwarranted." Pelosi v. Schwab Capital Markets, L.P., 462 F. Supp. 2d 503, 511 (S.D.N.Y. 2006). For purposes of this Rule 12(b)(6) motion to dismiss, a well-pleaded complaint of a violation of § 502(a)(1)(B) is owed more deference than a decision of a plan administrator, regardless of the standard of review the court will apply to the administrator's decision at a later proceeding. Accordingly, defendant's motion to dismiss with respect to Count I of the complaint will be denied.

**Section 510**

Plaintiff claims in Count II of her complaint that defendant violated § 510 by terminating her with the intent of interfering with her right to benefits under the Plan. Section 510 makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. Defendant moves to dismiss this claim for failure to plead sufficient facts to demonstrate a cause of action.

Plaintiff has, however, met her initial burden and the court will deny defendant's motion to dismiss with respect Count II.

Defendant maintains that plaintiff was not terminated to keep her from becoming vested in or obtaining benefits due to her under the Plan. Rather, defendant asserts that plaintiff was terminated for "misconduct" and her benefits were denied only for that reason. If plaintiff's termination does not fall under the Definition of Termination in the Plan, she never had a right to the benefits. Defendant argues that plaintiff cannot establish her prima facie claim if she never had a right to benefits under the Plan.

To state a claim under § 510, plaintiff must show that her employer had "'specific intent to violate ERISA.'" Smith v. W. Manheim Twp., No. 11-778, 2011 WL 5117618, at *2 (M.D. Pa. Oct. 25, 2011) (quoting Gavalik v. Cont'l Can Co., 812 F.2d 834, 851 (3d Cir. 1987), cert. denied, 484 U.S. 979 (1987)). The purpose of § 510 is "primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension benefits.'" Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan, 24 F.3d 1491, 1502-03 (3d Cir. 1994), cert. denied, 513 U.S. 1149 (1995), (citing Gavalik, 812 F.2d at 851). An employer cannot terminate an employee to prevent him from becoming vested in an ERISA plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 143 (1990). Denial of ERISA benefits "alone is not probative of intent." Smith, 2011 WL 5117618, at *3 (quoting Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 785 (3d Cir. 2007)). Where no

11

direct evidence of intent to violate ERISA exists, the Third Circuit implements a burden-shifting analysis to determine if specific intent exists. Jakimas, 485 F.3d at 785 (citing DiFederico v. Rolm Co., 201 F.3d 200, 205 (3d Cir. 2000)).

At the motion to dismiss stage, plaintiff has the initial burden to plead a prima facie case. Pailleret v. Jersey Constr., Inc., No. 09-1325, 2010 WL 143681, at *2 (D.N.J. Jan. 11, 2010). To do so, plaintiff must show: (1) prohibited employer conduct; (2) taken for the purpose of interfering; (3) with the attainment of any right to which the employee may become entitled.[2] Rea v. Hershey Co. 2005 Enhanced Mut. Seperation Plan, No. 06-1920, 2007 WL 776882, at *3 (M.D. Pa. Mar. 12, 2007) (citing Gavalik, 812 F.2d at 852). This standard is not "overly burdensome." Smith, 2011 WL 5117618, at *3. Plaintiff may allege circumstantial evidence that, taken as true, provides "evidence of the employer's specific intent to interfere with the ERISA plan." Id., at *3 n.2.

Plaintiff has established a plausible claim that she is entitled to the Plan benefits.[3] Plaintiff alleged that defendant terminated her under the

---

[2] If plaintiff presents a prima facie violation of § 510, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for its actions" Rea, 2007 WL 776882, at *3 (quoting Gavalik, 812 F.2d at 852). If defendant can do this, the burden shifts back to plaintiff, who must present evidence that the employer's reason for terminating plaintiff is pretextual or "unworthy of credence." Pallieret, 2010 WL 143681, at *3 (quoting Jakimas, 485 F.3d at 786).

[3] Defendant also argues that plaintiff's § 510 claim must be dismissed as duplicative of her § 502(a)(1)(B) claim because she seeks the same

false pretense of "misconduct" in order to interfere with her right to the Plan's benefits.  These allegations "are sufficient to show a plausible claim and to thus unlock the doors of discovery." Pallieret, 2010 WL 143681, at *4.  Defendant's motion to dismiss with respect to plaintiff's Count II is denied.

**Conclusion**

For the reasons stated above, defendant's motion to dismiss plaintiff's complaint will be denied.  An appropriate order follows.

---

damages in both counts.  As the court explained above, plaintiff has made sufficient allegation under both sections. It would be premature to dismiss one of the counts at this point without allowing the parties to proceed through discovery.

# IN THE UNITED STATE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARRIE MANNING,** | : | No. 3:11cv1134 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **SANOFI-AVENTIS, U.S. INC.,** | : | |
| **Defendant** | : | |
| | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 14th day of August 2012, it is hereby **ORDERED** that defendant's Motion to Dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 5) is **DENIED**.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United State District Court**